**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

**SOUTHERN DIVISION AT SANTA ANA**

HONORABLE ALICEMARIE H. STOTLER, JUDGE PRESIDING

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| PLAINTIFF, | ) |
| | ) |
| VS. | ) SACR NO. 07-0163-AHS |
| | ) |
| WILLIAM NEWTON RUDD, | ) |
| | ) |
| DEFENDANT. | ) |

REPORTER'S TRANSCRIPT OF PROCEEDINGS

SANTA ANA, CALIFORNIA

MONDAY, MAY 24, 2010

1:30 P.M.

**DEBORAH D. PARKER, CSR 10342**
**OFFICIAL COURT REPORTER**
**UNITED STATES DISTRICT COURT**
**411 WEST FOURTH STREET**
**SUITE 1-053**
**SANTA ANA, CALIFORNIA 92701**
**(714) 542-8409**
**D.PARKER@IX.NETCOM.COM**

```
 1   APPEARANCES OF COUNSEL:

 2        FOR THE PLAINTIFF, UNITED STATES OF AMERICA:

 3                              GEORGE CARDONA
                                UNITED STATES ATTORNEY
 4
                                ROBB C. ADKINS
 5                              ASSISTANT UNITED STATES ATTORNEY
                                CHIEF, CRIMINAL DIVISION
 6
                                ANNE C. GANNON
 7                              ASSISTANT UNITED STATES ATTORNEY
                                UNITED STATES DISTRICT COURT
 8                              8000 RONALD REAGAN FEDERAL BUILDING
                                SANTA ANA, CALIFORNIA 92701
 9                              (714) 338-3500

10
                                UNITED STATES DEPARTMENT OF JUSTICE
11                              CRIMINAL DIVISION

12                              JAMES SILVER
                                TRIAL ATTORNEY
13                              1400 NEW YORK AVENUE, N.W.
                                6TH FLOOR
14                              WASHINGTON, D.C.  20530
                                (202) 353-2057
15

16        FOR THE DEFENDANT, WILLIAM NEWTON RUDD:

17                              SEAN K. KENNEDY
                                FEDERAL PUBLIC DEFENDER
18
                                LEON L. PETERSON
19                              DEPUTY FEDERAL PUBLIC DEFENDER
                                411 WEST FOURTH STREET
20                              SUITE 7110
                                SANTA ANA, CALIFORNIA 92701
21                              (714) 338-3400

22

23

24

25
```

```
 1        SANTA ANA, CALIFORNIA; MONDAY, MAY 24, 2010; 1:30 P.M.
 2              THE CLERK:  CALLING CALENDAR ITEM NO. 2,
 3    SACR 07-0163-AHS, UNITED STATES OF AMERICA VERSUS WILLIAM
 4    NEWTON RUDD.
 5              COUNSEL, YOUR APPEARANCES PLEASE.
 6              MR. SILVER:  GOOD AFTERNOON, YOUR HONOR.
 7              JAMES SILVER AND ANNE GANNON FOR THE
 8    UNITED STATES.
 9              THE COURT:  THANK YOU.
10              MR. PETERSON:  GOOD AFTERNOON, YOUR HONOR.
11              LEON PETERSON, ON BEHALF OF WILLIAM RUDD, WHO IS
12    PRESENT FOR THE SENTENCING, YOUR HONOR.
13              THE COURT:  THANK YOU.
14              IN THIS MATTER, THE COURT HAS READ THE PRESENCE
15    REPORT, REVISED PRESENCE REPORT, THE ADDENDUM AND THE
16    PARTIES' POSITION PAPERS AND ALSO GONE BACK AND REVIEWED THE
17    PLEA AGREEMENT.  AND BASED ON THE FOREGOING, WE HAVE ISSUED
18    A TENTATIVE RULING.  A COPY OF WHICH WILL BE FILED UNDER
19    SEAL BUT REFERENCED IN THE CLERK'S MINUTES, SO THAT IT'S
20    CLEAR COUNSEL HAVE HAD THE OPPORTUNITY TO REVIEW THE COURT'S
21    INDICATED RULING WHICH DOES APPROVE THE PARTIES' PLEA
22    AGREEMENT.
23              AND SO, I NEED TO FIND OUT, FIRST, IF MR. RUDD HAS
24    HAD SUFFICIENT TIME TO REVIEW THE PRESENCE REPORT AS
25    REVISED AND ALSO TIME TO DISCUSS IT WITH COUNSEL.
```

```
 1          MR. RUDD, HAVE YOU HAD ENOUGH TIME TO DO THOSE
 2   THINGS?
 3          DEFENDANT RUDD:  YES.
 4          THE COURT:  YES?
 5          DEFENDANT RUDD:  YES.
 6          THE COURT:  AND YOU'VE HAD TIME TO DISCUSS THE
 7   CONTENTS WITH MR. PETERSON SO THAT IF THERE ARE ANY
 8   CORRECTIONS OR INACCURACIES, HE'S CONVEYED THOSE TO US IN
 9   HIS SUBMISSION; IS THAT RIGHT?
10          DEFENDANT RUDD:  YES.
11          THE COURT:  THE INDICATION WAS THAT, FIRST OF ALL,
12   PROBATION HAS MADE THE ONE CORRECTION WITH REGARD TO THE
13   IDENTITY OF ONE MINOR VICTIM AND THE OTHER HAD TO DO WITH
14   APPREHENSION, WHICH THE COURT FINDS WILL NOT AFFECT THE
15   SENTENCING IN THIS MATTER.
16          IN LIGHT OF THE TENTATIVE RULING, LET ME INVITE
17   COMMENTS AS FOLLOWS, FIRST FROM MR. PETERSON; THEN, WE WILL
18   HEAR MR. RUDD, IF THERE IS ANYTHING HE WOULD LIKE TO SAY;
19   AND THEN, GOVERNMENT COUNSEL AND THEN PRONOUNCE JUDGMENT,
20   UNLESS THERE IS LEGAL CAUSE NOT TO DO SO.
21          MR. PETERSON.
22          MR. PETERSON:  THANK YOU, YOUR HONOR.
23          IN LIGHT OF THE COURT'S TENTATIVE WHICH WE
24   CERTAINLY ARE GRATEFUL THAT THE COURT FEELS THAT THE BINDING
25   PLEA AGREEMENT IS APPROPRIATE AND WE CERTAINLY DO, TOO.  THE
```

```
 1    ONLY THING THAT MR. RUDD CONTINUES TO ASK FOR IS NOT MORE
 2    THAN THREE YEARS OF SUPERVISED RELEASE.  I THINK THAT THAT'S
 3    APPROPRIATE.  I UNDERSTAND THE COURT'S REASONING.  I
 4    UNDERSTAND THE GOVERNMENT'S REASONING.  HOWEVER, KNOWING
 5    MR. RUDD, I THINK THE THREE YEARS IS ADEQUATE, AND I WOULD
 6    ASK THE COURT TO IMPOSE NOT MORE THAN THREE AND, CERTAINLY,
 7    IF THE COURT HAS ANY INCLINATION TO VARY, NOT MORE THAN FIVE
 8    AT MOST.
 9              OTHER THAN THAT, YOUR HONOR, I WOULD SUBMIT ON THE
10    COURT'S TENTATIVE.
11              THE COURT:  VERY WELL.  THANK YOU.
12              AND MR. RUDD, IT'S YOUR OPPORTUNITY, IT IS YOUR
13    RIGHT UNDER THE LAW TO ADDRESS THE COURT CONCERNING THE
14    MATTER OF YOUR SENTENCING.
15              IF THERE'S ANYTHING THAT YOU WANT TO SAY, THIS IS
16    THE TIME FOR YOU TO DO IT.
17              DEFENDANT RUDD:  THERE ARE SEVERAL THINGS THAT I
18    COULD ADD TO MY BACKGROUND, BUT --
19              THE COURT:  IF THERE IS ANYTHING YOU WOULD LIKE TO
20    SAY, I WOULD INVITE YOU TO MAKE USE OF THE LECTERN AND
21    SPEAK; IF YOU WOULD NOT WANT TO, YOU CAN REST ON THE
22    COMMENTS OF YOUR LAWYER.  IT'S ENTIRELY UP TO YOU.
23              DEFENDANT RUDD:  OKAY.  I'M GOING TO BACK IT UP.
24              SEVERAL TIMES IT'S MENTIONED IN THIS THAT, YOU
25    KNOW, THAT MY VILLAGE PEOPLE, IN TOGO --
```

1       THE COURT:  YOU KNOW, IT'S GOING TO BE HARD FOR US

2  TO ALL HEAR YOU, SO I NEED TO ASK YOU TO STAND UP AND USE

3  THE MICROPHONE.

4       DEFENDANT RUDD:  SEVERAL TIMES IN THIS THING, IN

5  MY -- MY VILLAGE IN TOGO HAS BEEN REFERRED TO WHERE I WAS

6  TAKEN INTO CUSTODY.  AND NO ONE HAS EVER ASKED ME WHAT I WAS

7  DOING IN TOGO, AND I THINK IT MAY BE APPROPRIATE AS TO WHY I

8  WANT TO GET OUT OF HERE AS QUICKLY AS POSSIBLE, AND THAT

9  MEANS OUTSIDE OF SUPERVISED RELEASE.

10      THE PEOPLE THAT THEY ARE TALKING ABOUT, THIS 100

11  PEOPLE, WERE NOT A BUNCH OF RUFFIANS, OR ANYTHING LIKE THAT.

12  THEY WERE A BUNCH OF LADIES AND GENTLEMEN FROM YOUNGER AGE,

13  UP TO GRANDPARENTS, GREAT GRANDPARENTS, ALL OF THEM WITH

14  SOMETHING IN THEIR HANDS TO TRY TO KEEP ME TO STAY WITHIN

15  THE VILLAGE.  THERE'S A REASON FOR THAT, AND IT'S BECAUSE

16  THEY FELT THAT I'M PART OF THEIR VILLAGE.  AND I MAKE

17  CONTRIBUTIONS TO THE VILLAGE THAT THEY CAN'T HAVE WITHOUT

18  ME.  AND IT WAS NOT --

19      IT WAS NOT AN EFFORT ON THEIR PART TO NOT WANT TO

20  GIVE AWAY THE MONEY, LET'S SAY, BUT IT WAS BECAUSE I'M

21  APPRECIATED, AND I'M ACCEPTED AS PART OF THE VILLAGE, PART

22  OF THE COMMUNITY.

23      IN TALKING ABOUT THE PEOPLE, IT'S A SUBSISTENCE

24  FARMING AREA.  THEY ARE EXTREMELY POOR.  THE THINGS I DO FOR

25  THEM, FOR EXAMPLE, IS I BORE A WELL IN THE VILLAGE, AND THEY

1    HAVE FRESH CLEAN WATER TO DRINK.

2            NOW, WHEN I'M NOT THERE, THERE'S NO GENERATOR

3    OPERATING TO PUMP THE PUMPS OF WATER, SO THEY DON'T HAVE ANY

4    WATER.  WITH THAT, THE INSTANCE OF BACTERIAL INFECTIONS AND

5    INTESTINAL INFECTIONS, ET CETERA, DROPPED DRAMATICALLY

6    BECAUSE THEY HAD CLEAN WATER.  IT ADDED TO EACH WOMAN'S DAY,

7    PROBABLY, TWO HOURS THEY PREVIOUSLY SPENT HAULING WATER FROM

8    A DISTANCE FROM A VERY NONPRODUCTIVE WELL, PULLED UP BY HAND

9    A GALLON AT A TIME.

10           I'VE BEEN INTRODUCING A LOT OF AGRICULTURAL

11   PRODUCTS THAT AREN'T AVAILABLE THERE.  THERE ARE NEW

12   SPECIES, NEW FRUITS, NEW VEGETABLES TO ADD TO THEIR DIET, TO

13   ADD TO THEIR POTENTIAL TO MARKET IT AND MAKE SOME MORE MONEY

14   ON IT.

15           I'M VERY MUCH INVOLVED IN AIDS DETECTION,

16   TREATMENT AND PREVENTION.  I WORK WITH A COOPERATIVE GROUP

17   OFF OF A TOWN NORTH OF US WHICH I BROUGHT DOWN THAT SAME

18   COOPERATIVE INTO OUR VILLAGE, OUR VILLAGE AREA, AND WE HAVE

19   DETECTED -- I WOULD SAY EVERYONE WHO HAS AIDS, WE HAVE GOT

20   THEM INTO A SUPPORT SORT OF SITUATION WITH OTHER PEOPLE WITH

21   AIDS, AND I PURCHASE ALL THEIR MEDICATIONS FOR THEM, WHICH

22   GIVES THEM A MUCH LONGER LIFE SPAN.

23           I HAVE GOT ALL THE CHILDREN IN SCHOOL.  PREVIOUS

24   TO THAT, THERE WERE A LARGE NUMBER OF GIRLS, ESPECIALLY, WHO

25   WERE HELD BACK TO TAKE CARE OF YOUNGER SIBLINGS, HELP MOM IN

1  THE FIELD, IN THE KITCHEN, ET CETERA.  I'VE INFLUENCED THEM

2  ALL TO GET ALL THE KIDS INTO SCHOOL.  THE SCHOOL IS NOT THE

3  BEST ONE IN THE WORLD, BUT WE'RE WORKING ON THAT, TOO.

4          I COORDINATE A LOT -- I DO WITH ALL THE PEACE

5  CORPS VOLUNTEERS WITHIN THE 400 SQUARE MILES AREA, AND I

6  SUPPORT THEIR PROBLEMS.  AND I'VE GOT MORE RESOURCES THAN

7  THEY DO IN A LOT OF CASES, AND I HAVE GOT LONG-TERM

8  KNOWLEDGE THAT THEY DON'T HAVE YET.  SO I'M SUPPLEMENTING A

9  LOT OF PROGRAMS THEY'RE DOING.

10          I GO INTO THE HOSPITAL PROBABLY AT LEAST ONCE A

11  WEEK, TAKING PEOPLE WHO ARE INJURED, PEOPLE WHO ARE

12  SERIOUSLY ILL.  AND I THINK I'VE SAVED QUITE A FEW LIVES

13  THERE.

14          ANOTHER THING -- JUST MALARIA.  I KEEP MALARIA

15  MEDICATION AROUND.  THESE PEOPLE CANNOT AFFORD IT.  SO WHEN

16  THEY START GETTING MALARIA, WE GET THEM TREATED.  IT DOESN'T

17  GO AWAY -- IT DOESN'T GO THAT FAR, BUT IT GOES AWAY.

18          THERE'S A LOT OF THINGS AND REASONS THAT I WOULD

19  LIKE TO GET BACK THERE AND CONTINUE SOME OF THE THINGS I'M

20  DOING.

21          THAT'S WHY I'M LOOKING FOR LESS THAN FIVE YEARS.

22          THE COURT:  I UNDERSTAND.  THANK YOU.

23          LET ME HEAR FROM GOVERNMENT COUNSEL, PLEASE.

24          MR. SILVER:  YOUR HONOR, MR. RUDD POSES A DANGER

25  TO CHILDREN IN THE UNITED STATES AND ALSO AROUND THE WORLD,

1   ESPECIALLY IN THIRD WORLD NATIONS.

2          THE EVIDENCE HERE IS THAT WHEN MR. RUDD GOES

3   ABROAD TO PERFORM THESE PROJECTS, HE GOES ABROAD NOT FOR

4   ELEEMOSYNARY REASONS BUT TO GIVE WITH THOUGHT OF RETURN, AND

5   A VERY TERRIBLE FORM OF RETURN IN PARTICULAR.  HE HAS A

6   PRACTICE OF GIVING GIFTS AND INGRATIATING HIMSELF WITH THE

7   FAMILIES OF CHILDREN AND THEN ABUSING THOSE CHILDREN.  THIS

8   IS A PRACTICE THAT SIMPLY CAN'T BE CONTINUED.

9          THE SUPERVISED RELEASE RECOMMENDATION OF THE

10  GOVERNMENT IS DESIGNED IN PART TO PREVENT FURTHER ABUSE AND

11  THE TRAVEL RESTRICTIONS ARE EQUALLY IMPORTANT.  MR. RUDD'S

12  MODUS OPERANDI HAS INVOLVED TRAVELING IN IMPOVERISHED

13  REGIONS AND PREYING ON THE CHILDREN THERE WHO ARE ESPECIALLY

14  SUSCEPTIBLE TO ABUSE.

15          MR. RUDD'S ADVANCED AGE IS NOT A MITIGATING FACTOR

16  BECAUSE THE SEGMENT OF SOCIETY HE HAS CHOSEN TO PREY UPON

17  IS, IN FACT, WEAKER THAN EVEN AN OLDER MAN.  IT'S A

18  RELATIONSHIP THAT'S PREDATORY AND THE COURT CERTAINLY HAS A

19  CHANCE TO PREVENT IT FROM OCCURRING AGAIN, VIA THE

20  IMPOSITION OF LIFETIME SUPERVISED RELEASE, OR A LENGTHIER

21  TERM OF SUPERVISED RELEASE AS THE COURT HAS SET OUT IN ITS

22  TENTATIVE RULING AND ALSO RESTRICTIONS ON TRAVEL.

23          THAT'S THE GOVERNMENT'S POSITION, YOUR HONOR.

24          THE COURT:  THANK YOU.

25          AND MR. PETERSON, IS THERE LEGAL CAUSE WHY THIS

1   COURT SHOULD NOT NOW PRONOUNCE ITS JUDGMENT?

2              MR. PETERSON:  NO, YOUR HONOR.

3              THE COURT:  I DO RULE IN ACCORDANCE WITH THE

4   TENTATIVE RULING, INCLUDING THE 10-YEAR TERM OF SUPERVISED

5   RELEASE.

6              I ACCEPT MR. RUDD'S EXPLANATION WITH REGARD TO

7   WHAT THE GOVERNMENT COUNSEL HAS CALLED "ELEEMOSYNARY"

8   PURPOSES.  I THINK MR. RUDD, WITH HIS BACKGROUND, CLEARLY

9   HAS EXPERIENCE, RESOURCES AT HIS DISPOSAL TO BE HELPFUL TO

10  THE PEOPLE OF THE NATION THAT HE DESCRIBES.

11             HE SEEMS TO SINCERELY MANIFEST HIS DESIRE TO BE

12  HELPFUL TO THE PEOPLE, AND IT HAS BEEN NOTED THAT IT'S TO

13  HIS CREDIT THAT HE TRIED TO AND DID CALM THE SITUATION AT

14  THE TIME HE WAS GOING TO BE TAKEN AWAY FROM THE VILLAGE.

15             UNFORTUNATELY, THE SECOND PURPOSE THAT MAY LIE

16  BEHIND IT, OR WHATEVER CAME TO PASS, IN FACT, WHETHER OR NOT

17  PART OF THE DESIGN BEING THERE, MAKES IT NECESSARY I THINK

18  FOR THE COURT TO IMPOSE SUPERVISION FOR AT LEAST THE 10-YEAR

19  PERIOD.  AS THE GOVERNMENT POINTS OUT, THERE CAN BE REASON

20  TO MODIFY THAT, BUT IT WOULD BE DIFFICULT I THINK FOR THE

21  COURT TO SEE ITS WAY CLEAR TO IMPOSE ANYTHING LESS AT THIS

22  POINT IN TIME.

23             AS IT IS, THE SENTENCE THAT'S INDICATED IS NOT ONE

24  THAT, AS YOU CAN TELL FROM READING THE PROBATION REPORT, IS

25  REGARDED AS SUFFICIENTLY PUNITIVE AND DETERRENT IN EFFECT,

1   BUT I FEEL THAT THE GOVERNMENT AND THE DEFENDANT IN COMING

2   TO THIS PLEA AGREEMENT HAVE MADE A WISE AND REASONABLE

3   DECISION ABOUT HOW TO CONCLUDE THE CASE, AND THAT'S THE

4   REASON THAT I ACCEPT THE PLEA AGREEMENT.  HOWEVER,

5   CERTAINLY, IT'S NOT AS THOUGH THE PROBATION OFFICE HAS

6   MISSED THE MARK OR HAS SOMEHOW COME UP WITH A VERY DIFFICULT

7   SENTENCE THAT WOULDN'T HAVE BASIS FOR IMPOSITION.

8            SO THERE BEING NO LEGAL CAUSE WHY THE COURT SHOULD

9   NOT NOW PRONOUNCE JUDGMENT, I DO PRONOUNCE JUDGMENT AS

10  FOLLOWS: FIRST, THE DEFENDANT MUST PAY AND IS ORDERED TO PAY

11  THE SPECIAL ASSESSMENT OF $100 TO THE UNITED STATES, WHICH

12  IS DUE IMMEDIATELY;

13           SECOND, HE IS ORDERED TO PAY RESTITUTION IN THE

14  TOTAL AMOUNT OF $15,000, PURSUANT TO SECTION 2248A TO BE

15  PAID FORTHWITH AND TO BE ADMINISTERED AS SPECIFIED IN THE

16  SEPARATE ORDER OF THE COURT WHICH I LOOK TO GOVERNMENT

17  COUNSEL TO PREPARE, SERVE AND LODGE.

18           THE AMOUNT IS TO THE VICTIMS SET FORTH IN THE

19  PRESENTENCE REPORT, INITIALS S.N., AS IN NANCY; J.S. AND

20  S.P. IN THE AMOUNT OF $15,000 TO BE PAID IN EQUAL AMOUNTS.

21  SHOULD THE RESTITUTION NOT BE MADE FORTHWITH, THEN IT IS DUE

22  DURING THE PERIOD OF IMPRISONMENT AT THE RATE OF NOT LESS

23  THAN $25 PER QUARTER AND PURSUANT TO THE BUREAU OF PRISONS

24  INMATE FINANCIAL RESPONSIBILITY PROGRAM.

25           ANY AMOUNT OF RESTITUTION REMAINING UNPAID AFTER

1    DEFENDANT'S RELEASE FROM CUSTODY SHALL BE PAID IN MONTHLY

2    PAYMENTS OF AT LEAST $250 DURING THE PERIOD OF SUPERVISED

3    RELEASE.  ANY SUCH PAYMENT SHALL BEGIN 30 DAYS AFTER

4    COMMENCEMENT OF SUPERVISION.

5              IF THERE IS ONLY PARTIAL PAYMENT MADE, THEN EACH

6    PAYEE IS TO RECEIVE APPROXIMATELY PROPORTIONAL PAYMENTS.

7              INTEREST ON THE RESTITUTION ORDERED IS WAIVED

8    BECAUSE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY INTEREST

9    ON TOP OF RESTITUTION.  HOWEVER, PAYMENTS MAY BE SUBJECT TO

10   PENALTIES FOR DEFAULT AND DELINQUENCY UNDER LAW.

11             DEFENDANT MUST COMPLY WITH GENERAL ORDER 1015 OF

12   THIS COURT.  THE COURT WAIVES IMPOSITION OF FINES BECAUSE

13   THE DEFENDANT DOES NOT HAVE THE ABILITY TO PAY A FINE IN

14   ADDITION TO RESTITUTION.

15             IT IS THE JUDGMENT OF THE COURT THAT DEFENDANT

16   WILLIAM NEWTON RUDD BE AND IS HEREBY COMMITTED, ON THE

17   SINGLE-COUNT INDICTMENT, TO THE CUSTODY OF THE BUREAU OF

18   PRISONS, TO BE IMPRISONED FOR A TERM OF 78 MONTHS.

19             UPON HIS RELEASE FROM IMPRISONMENT, DEFENDANT

20   SHALL BE PLACED ON SUPERVISED RELEASE FOR 10 YEARS UNDER THE

21   FOLLOWING TERMS AND CONDITIONS:  ONE, HE IS ORDERED TO

22   COMPLY WITH THE RULES AND REGULATIONS OF THE PROBATION

23   OFFICE AND GENERAL ORDERS 318, 01-05 AND 0502 OF THIS COURT.

24             DURING THE PERIOD OF COMMUNITY SUPERVISION, THE

25   DEFENDANT SHALL PAY THE SPECIAL ASSESSMENT AND RESTITUTION

1   IN ACCORDANCE WITH THIS JUDGMENT, IF NOT ALREADY PAID.

2         DEFENDANT SHALL COOPERATE IN THE COLLECTION OF A

3   DNA SAMPLE FROM HIS PERSON.  THE DEFENDANT SHALL USE ONLY

4   COMPUTERS AND COMPUTER-RELATED DEVICES, SCREEN USER NAMES,

5   PASSWORDS, E-MAIL ACCOUNTS AND INTERNET SERVICE PROVIDERS,

6   OR ISP'S, AS APPROVED BY THE PROBATION OFFICER.

7         COMPUTERS AND COMPUTER-RELATED DEVICES INCLUDE AND

8   ARE:  PERSONAL COMPUTERS, PERSONAL DATA ASSISTANTS, ALSO

9   KNOWN AS PDAS; INTERNET APPLIANCES; ELECTRONIC GAMES;

10   CELLULAR TELEPHONES, AS WELL AS THEIR PERIPHERAL EQUIPMENT

11   THAT CAN ACCESSED OR CAN BE MODIFIED TO ACCESS THE INTERNET,

12   ELECTRONIC BULLETIN BOARDS AND OTHER COMPUTERS OR SIMILAR

13   MEDIA.

14         ALL COMPUTERS, COMPUTER-RELATED DEVICES AND THEIR

15   PERIPHERAL EQUIPMENT USED BY DEFENDANT SHALL BE SUBJECT TO

16   SEARCH AND SEIZURE AND THE INSTALLATION OF SEARCH AND/OR

17   MONITORING SOFTWARE AND/OR HARDWARE, INCLUDING UNANNOUNCED

18   SEIZURE FOR THE PURPOSE OF SEARCH.  THE DEFENDANT SHALL NOT

19   AID, REMOVE, UPGRADE, UPDATE, REINSTALL, REPAIR, OR

20   OTHERWISE MODIFY THE HARDWARE OR SOFTWARE ON THE COMPUTERS,

21   COMPUTER-RELATED DEVICES OR THEIR PERIPHERAL EQUIPMENT, NOR

22   SHALL HE HIDE OR ENCRYPT FILES OR DATA WITHOUT PRIOR

23   APPROVAL OF THE PROBATION OFFICER.  THIS CONDITION DOES NOT

24   REQUIRE APPROVAL OF ROUTINE OR AUTOMATIC SOFTWARE ADDITIONS,

25   DELETIONS, UPGRADES, UPDATES, INSTALLATIONS, REPAIRS, OR

1  OTHER MODIFICATIONS.  THIS SHALL NOT APPLY TO ITEMS USED AT

2  THE EMPLOYMENT SITE, IF ANY, WHICH ARE MAINTAINED AND

3  MONITORED BY AN EMPLOYER.

4       NEXT, THE DEFENDANT SHALL REGISTER AS A SEX

5  OFFENDER AND KEEP THE REGISTRATION CURRENT IN EACH

6  JURISDICTION WHERE HE RESIDES, WHERE HE IS AN EMPLOYEE AND

7  WHERE HE MAY BE A STUDENT TO THE EXTENT THE REGISTRATION

8  PROCEDURES HAVE BEEN ESTABLISHED IN EACH JURISDICTION.

9       WHEN REGISTERING FOR THE FIRST TIME, DEFENDANT

10  SHALL ALSO REGISTER IN THE JURISDICTION IN WHICH THE

11  CONVICTION OCCURRED, IF DIFFERENT FROM HIS JURISDICTION OF

12  RESIDENCE.

13       DEFENDANT IS ORDERED TO PROVIDE PROOF OF

14  REGISTRATION TO THE PROBATION OFFICER WITHIN THREE DAYS OF

15  RELEASE FROM IMPRISONMENT.

16       NEXT, THE DEFENDANT SHALL PARTICIPATE IN A

17  PSYCHOLOGICAL COUNSELING OR PSYCHIATRIC TREATMENT, OR SEX

18  OFFENDER TREATMENT PROGRAM AS APPROVED AND DIRECTED BY THE

19  PROBATION OFFICER.

20       DEFENDANT SHALL ABIDE BY ALL RULES, REQUIREMENTS

21  AND CONDITIONS OF SUCH PROGRAM, INCLUDING SUBMISSION TO RISK

22  ASSESSMENT EVALUATIONS AND PSYCHOLOGICAL TESTING SUCH AS

23  POLYGRAPH-ENABLED TESTING.  THE PROBATION OFFICER SHALL

24  DISCLOSE THE PRESENTENCE REPORT AND ANY PREVIOUS MENTAL

25  HEALTH EVALUATIONS OR REPORTS TO THE TREATMENT PROVIDER.

1           AS DIRECTED BY THE PROBATION OFFICER, THE

2   DEFENDANT SHALL PAY ALL OR PART OF THE COSTS OF TREATING

3   DEFENDANT'S PSYCHOLOGICAL OR PSYCHIATRIC DISORDERS TO THE

4   AFTERCARE CONTRACTOR DURING THE PERIOD OF COMMUNITY

5   SUPERVISION.  DEFENDANT SHALL PROVIDE PAYMENT AND PROOF OF

6   PAYMENT AS DIRECTED BY HIS PROBATION OFFICER.

7           NEXT, THE DEFENDANT SHALL NOT POSSESS ANY

8   MATERIALS INCLUDING PICTURES, PHOTOGRAPHS, BOOKS, WRITINGS,

9   DRAWINGS, VIDEOS OR VIDEO GAMES DEPICTING AND/OR DESCRIBING

10  SEXUALLY EXPLICIT MATERIAL AS DEFINED IN 18 USC 2256(2).

11  THIS CONDITION DOES NOT PROHIBIT DEFENDANT FROM POSSESSING

12  MATERIALS SOLELY BECAUSE THEY ARE NECESSARY TO AND USED FOR

13  ANY COLLATERAL ATTACK, NOR DOES IT PROHIBIT HIM FROM

14  POSSESSING MATERIALS PREPARED OR USED FOR THE PURPOSES OF

15  THE COURT'S MANDATED SEX OFFENDER TREATMENT.

16          NEXT, THE DEFENDANT IS ORDERED NOT TO POSSESS ANY

17  MATERIALS, INCLUDING PICTURES, PHOTOGRAPHS, BOOKS, WRITINGS,

18  DRAWINGS, VIDEOS, OR VIDEO GAMES DEPICTING AND/OR DESCRIBING

19  CHILD PORNOGRAPHY AS DEFINED IN TITLE 18 US CODE SECTION

20  2256(8).  THIS CONDITION DOES NOT PROHIBIT DEFENDANT FROM

21  POSSESSING MATERIAL SOLELY BECAUSE THEY ARE NECESSARY TO AND

22  USED FOR ANY COLLATERAL ATTACK, NOR DOES IT PROHIBIT HIM

23  FROM POSSESSING MATERIALS PREPARED FOR OR USED FOR THE

24  PURPOSES OF HIS COURT-MANDATED SEX OFFENDER TREATMENT WHEN

25  THE DEFENDANT'S TREATMENT PROVIDER FOR THE PROBATION OFFICER

1   HAS APPROVED POSSESSION OF THE MATERIAL IN ADVANCE.

2          NEXT, THE DEFENDANT SHALL NOT OWN, USE, OR HAVE

3   ACCESS TO THE SERVICES OF ANY COMMERCIAL MAIL RECEIVING

4   AGENCY, NOR SHALL HE OPEN OR MAINTAIN A POST OFFICE BOX

5   WITHOUT THE PRIOR APPROVAL OF THE PROBATION OFFICER.

6          DEFENDANT SHALL NOT HAVE CONTACT WITH THE VICTIM

7   BY ANY MEANS, INCLUDING IN PERSON, BY MAIL, OR ELECTRONIC

8   MEANS, OR VIA THIRD PARTIES.  FURTHER, DEFENDANT SHALL

9   REMAIN AT ALL TIMES AT LEAST 100 YARDS FROM THE VICTIM.  IF

10  ANY CONTACT DOES OCCUR, DEFENDANT SHALL IMMEDIATELY LEAVE

11  THE AREA OF CONTACT AND REPORT CONTACT TO THE PROBATION

12  OFFICER.

13         THE DEFENDANT SHALL NOT FREQUENT OR LOITER WITHIN

14  100 FEET OF SCHOOLYARDS, PARKS, PUBLIC SWIMMING POOLS,

15  PLAYGROUNDS, YOUTH CENTERS, VIDEO ARCADE FACILITIES, OR

16  OTHER PLACES PRIMARILY USED BY PERSONS UNDER AGE 18.

17         DEFENDANT SHALL NOT ASSOCIATE OR HAVE VERBAL,

18  WRITTEN, TELEPHONIC, OR ELECTRONIC COMMUNICATION WITH ANY

19  PERSON UNDER THE AGE OF 18, EXCEPT IN THE PRESENCE OF THE

20  PARENT OR LEGAL GUARDIAN OF SAID MINOR AND ON CONDITION THAT

21  THE DEFENDANT NOTIFY SAID PARENT OR LEGAL GUARDIAN OF HIS

22  CONVICTION IN THE INSTANT OFFENSE.  THIS PROVISION DOES NOT

23  ENCOMPASS PERSONS UNDER 18, SUCH AS WAITERS, CASHIERS,

24  TICKET VENDORS AND OTHER OF LIKE CATEGORY WITH WHOM

25  DEFENDANT MUST DEAL WITH IN ORDER TO OBTAIN ORDINARY AND

1   USUAL COMMERCIAL SERVICES.

2           NEXT, THE DEFENDANT SHALL NOT AFFILIATE WITH, OWN,

3   CONTROL, VOLUNTEER, OR BE EMPLOYED IN ANY CAPACITY BY A

4   BUSINESS OR ORGANIZATION THAT CAUSES HIM TO REGULARLY

5   CONTACT PERSONS UNDER AGE 18.  THE DEFENDANT'S EMPLOYMENT,

6   IF ANY, SHALL BE APPROVED BY THE PROBATION OFFICER AND ANY

7   CHANGE IN EMPLOYMENT MUST BE PRE-APPROVED BY THE PROBATION

8   OFFICER.  THE DEFENDANT SHALL SUBMIT THE NAME AND ADDRESS OF

9   THE PROPOSED EMPLOYER TO THE PROBATION OFFICER AT LEAST 10

10  DAYS PRIOR TO ANY SCHEDULED CHANGE.

11          NEXT, THE DEFENDANT SHALL NOT RESIDE WITHIN

12  2000 FEET OF SCHOOLYARDS, PARKS, PUBLIC SWIMMING POOLS,

13  PLAYGROUNDS, YOUTH CENTERS, VIDEO ARCADE FACILITIES, OR

14  OTHER PLACES PRIMARILY USED BY PERSONS UNDER THE AGE OF 18.

15          DEFENDANT'S RESIDENCE SHALL BE APPROVED BY THE

16  PROBATION OFFICER AND ANY CHANGE RESIDENCE MUST BE

17  PRE-APPROVED BY THE PROBATION OFFICER.  THE DEFENDANT SHALL

18  SUBMIT THE ADDRESS OF THE PROPOSED RESIDENCE TO THE

19  PROBATION OFFICER AT LEAST 10 DAYS PRIOR TO ANY SCHEDULED

20  MOVE.

21          NEXT, THE DEFENDANT SHALL NOT TRAVEL OUTSIDE THE

22  UNITED STATES WITHOUT THE PRIOR APPROVAL OF THE COURT.  THE

23  DRUG TESTING CONDITION OTHERWISE MANDATED BY STATUTE IS

24  SUSPENDED, BECAUSE THE COURT DETERMINES THAT THE DEFENDANT

25  POSES A LOW RISK OF ANY FUTURE SUBSTANCE ABUSE.  THE COURT

1    AUTHORIZES THE PROBATION OFFICER TO DISCLOSE THE PRESENTENCE

2    REPORT AND ANY PREVIOUS MENTAL HEALTH EVALUATIONS OR REPORTS

3    TO THE MENTAL HEALTH TREATMENT PROVIDER.  THE TREATMENT

4    PROVIDER MAY PROVIDE INFORMATION, EXCLUDING THE PRESENTENCE

5    REPORT, TO STATE OR LOCAL SOCIAL SERVICE AGENCIES FOR THE

6    PURPOSE OF CLIENT'S REHABILITATION.

7            AS NOTED IN MY EARLIER REMARKS, THE PROBATION

8    OFFICER'S JUSTIFICATION IS NOT AN INAPPROPRIATE ONE BUT

9    FORTUNATELY FOR THE DEFENDANT DOES RECOGNIZE THE GOOD WORK

10   HE HAS DONE AND EVEN THEN WOULD RECOMMEND A VARIANCE FROM

11   THE GUIDELINES IN LIGHT OF THAT BACKGROUND.  BECAUSE OF THE

12   COURT'S APPROVED PLEA AGREEMENT, THERE IS NO REASON TO

13   SPECIFY THE PARTICULAR POINT WITHIN THE ADVISORY GUIDELINE

14   RANGE, FOR THE CHOICE OF SENTENCE OBVIOUSLY COMPORTS WITH

15   THE PLEA AGREEMENT.

16           THE COURT HAS PROVIDED IN RESPONSE TO DEFENDANT'S

17   REQUEST FOR RETURN OF HIS PASSPORT, THAT HE MAY HAVE IT

18   RETURNED TO HIM ONLY IF IT HAS IN FACT BEEN CANCELLED.  AS

19   POINTED OUT, ANY INTERNATIONAL TRAVEL MUST BE WITH THE

20   COURT'S PRIOR APPROVAL.  THIS IS SET FORTH IN PARAGRAPH 13

21   OF THE COURT'S TENTATIVE RULING, WHICH I NOW MAKE MY RULING.

22           I WANT TO ADVISE DEFENDANT, AS I'M REQUIRED TO DO

23   UNDER THE RULES OF CRIMINAL PROCEDURE, OF HIS RIGHT OF

24   APPEAL.  SUBJECT TO THE TERMS IN YOUR PLEA AGREEMENT,

25   MR. RUDD, THAT PERTAIN TO YOUR RIGHT OF APPEAL, I TELL YOU

```
1    NOW THAT AN APPEAL OF THE JUDGMENT PRONOUNCED TODAY MAY BE

2    TAKEN BY FILING A NOTICE OF APPEAL WITHIN 14 DAYS FROM

3    TODAY'S DATE.  IF YOU FAIL TO FILE YOUR NOTICE OF APPEAL

4    WITHIN THAT TIME, THERE WILL BE NO APPELLATE REVIEW OF THE

5    COURT'S JUDGMENT.  IF YOU ARE UNABLE TO HIRE COUNSEL TO

6    REPRESENT YOU ON APPEAL, YOU MAY APPLY TO THE COURT FOR

7    APPOINTMENT OF COUNSEL BY SUBMITTING A FINANCIAL AFFIDAVIT

8    TO SHOW THAT YOU ARE ELIGIBLE FOR COURT-APPOINTED COUNSEL.

9    IF YOU CANNOT PAY THE COSTS OF APPEAL, YOU MAY ASK FOR

10   PERMISSION TO APPEAL WITHOUT PAYMENT OF THE COSTS.

11            DO YOU HAVE ANY QUESTIONS ABOUT YOUR RIGHTS OF

12   APPEAL, MR. RUDD?

13            DEFENDANT RUDD:  YOU KNOW, AM I ASSUMING THAT

14   MR. PETERSON DOES THAT FOR ME?

15            THE COURT:  YES.

16            AND MR. PETERSON, ARE THERE ANY ADDITIONAL MATTERS

17   THAT WE SHOULD TAKE UP AT THIS TIME?

18            MR. PETERSON:  YOUR HONOR, I'M NOT SURE IF THIS IS

19   THE COURT'S CALL, OR IF IT'S THE BUREAU OF PRISONS' CALL, OR

20   IF IT'S PROBATION'S CALL, BUT MR. RUDD WOULD LIKE TO BE

21   RELEASED INTO THE NEW MEXICO AREA.  HE WAS ONLY BROUGHT INTO

22   THIS JURISDICTION BY JUST THE SHEER CIRCUMSTANCES THAT'S

23   WHERE THE PLANE LANDED.  BUT HIS PREFERENCE IS NEW MEXICO;

24   IF THE COURT CAN RECOMMEND THAT TO BOP OR PROBATION, THAT'S

25   WHERE HE WOULD LIKE TO BE RELEASED.
```

1    THE COURT:  IS THAT WHERE HIS RESIDENCE WAS IN THE

2 UNITED STATES BEFORE HIS TRAVEL ABROAD?

3    DEFENDANT RUDD:  I WAS LIVING OUTSIDE FOR ALMOST

4 10 YEARS.

5    MR. PETERSON:  BASICALLY, YOUR HONOR, HIS HOME IS

6 TOGO AND HE WAS BORN AND RAISED IN SAN DIEGO, BUT HIS

7 TIES -- HE PREFERS, IF IT'S AT ALL POSSIBLE, TO RELOCATE TO

8 NEW MEXICO.

9    THE COURT:  I THINK IT'S PROBABLY NOT THE COURT'S

10 CALL, BECAUSE IT'S NOT ONLY TIME IN CUSTODY, BUT THEN THE

11 SUPERVISED RELEASE.  I WOULD DECLINE TO SO RECOMMEND MERELY

12 BECAUSE I DON'T THINK THE COURT HAS THE AUTHORITY TO DO

13 THAT.  THEY ARE PROBABLY GOING TO WANT TO KNOW -- THAT IS,

14 BOP WILL WANT TO KNOW WHERE HE'S GOING TO BE BEST

15 SUPERVISED, WHICH MIGHT WELL BE HERE, SO I DON'T THINK IT'S

16 APPROPRIATE TO MAKE THAT RECOMMENDATION.

17    I DID NOTE IT, HOWEVER, AND SO I DENIED THAT

18 REQUEST, IF IT'S WITHIN THE COURT'S AUTHORITY TO SO ORDER.

19    LET ME FIND OUT FROM GOVERNMENT COUNSEL IF THERE

20 ARE REMAINING ITEMS THAT NEED TO BE ADDRESSED NOW?

21    MR. SILVER:  YOUR HONOR, THERE ARE NOT.

22    THE COURT:  ALL RIGHT.  THAT CONCLUDES PROCEEDINGS

23 AT THIS TIME, THEN.

24    WE STAND ADJOURNED.

25    THE CLERK:  ALL RISE.

```
 1        (AT 2:05 P.M., PROCEEDINGS WERE ADJOURNED.)

 2

 3                          -oOo-

 4

 5                        CERTIFICATE

 6        I HEREBY CERTIFY THAT PURSUANT TO SECTION 753,

 7   TITLE 28, UNITED STATES CODE, THE FOREGOING IS A TRUE AND

 8   CORRECT TRANSCRIPT OF THE STENOGRAPHICALLY REPORTED

 9   PROCEEDINGS HELD IN THE ABOVE-ENTITLED MATTER AND THAT THE

10   TRANSCRIPT PAGE FORMAT IS IN CONFORMANCE WITH THE

11   REGULATIONS OF THE JUDICIAL CONFERENCE OF THE UNITED STATES.

12

13   DATE:  JULY 27, 2010

14

15

16                    _____

17                    DEBORAH D. PARKER, OFFICIAL REPORTER

18

19

20

21

22

23

24

25
```

*DEBORAH D. PARKER, U.S. COURT REPORTER*