```
 1  ANDRÉ BIROTTE JR.
    United States Attorney
 2  DENNISE D. WILLETT
    Assistant United States Attorney
 3  Chief, Santa Ana Branch Office
    ANNE C. GANNON (Cal. State Bar # 214198)
 4  Assistant United States Attorney
         Ronald Reagan Federal Bldg. & U.S. District Courthouse
 5       411 West Fourth Street, 8th Floor
         Santa Ana, CA 92701
 6       Telephone:  (714) 338-3548
         Facsimile:  (714) 338-3561
 7       anne.gannon@usdoj.gov

 8  Attorneys for Plaintiff
    UNITED STATES OF AMERICA
 9
                       UNITED STATES DISTRICT COURT
10
                  FOR THE CENTRAL DISTRICT OF CALIFORNIA
11
                                       )
12  UNITED STATES OF AMERICA,          ) No. SA CR 07-163-AHS
                                       )
13           Plaintiff,                ) GOVERNMENT'S SENTENCING POSITION
                                       ) FOLLOWING REMAND FOR RESENTENCING
14           v.                        )
                                       )
15  WILLIAM NEWTON RUDD,               ) Date:      February 2, 2012
                                       ) Time:      10:00 a.m.
16           Defendant.                )
                                       )
17  _____

18      Plaintiff United States of America, by and through its

19  counsel of record, Anne C. Gannon, submits the government's

20  sentencing position following remand for resentencing.

21  Dated: January 25, 2012          Respectfully submitted,

22                                   ANDRÉ BIROTTE JR.
                                     United States Attorney
23
                                     DENNISE D. WILLETT
24                                   Assistant United States Attorney
                                     Chief, Santa Ana Branch Office
25

26                                         _____/s/_____
                                     ANNE C. GANNON
27                                   Assistant United States Attorney

28                                   Attorneys for Plaintiff
                                     United States of America
```

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. <u>Factual and Procedural History</u>

On May 24, 2010, the Court sentenced William Newton Rudd ("defendant") to 78 months' imprisonment to be followed by a ten-year term of supervised release and ordered defendant to pay $15,000 in restitution and a $100 special assessment. The Court imposed several conditions of supervised release, including the version of the residency condition recommended in the Probation Office's recommendation letter:

> The defendant shall not reside within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or any other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer at least 10 days prior to any scheduled change.

In the plea agreement, defendant waived his right to appeal certain statutorily required and standard conditions of supervised release and enumerated sex offender and computer related conditions, including the following condition:

> The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.

Defendant appealed the imposition of the residency condition containing the 2000 feet restriction arguing that (1) the Court procedurally erred by failing to adequately state its reasons for imposing the condition and (2) the condition was substantively unreasonable because it will result in an unconstitutional

infringement on his liberty and does not effectively achieve its purported goals.

On November 23, 2011, the Ninth Circuit issued its decision, reversing and remanding for resentencing finding that the sentencing court did not adequately state its reasons for imposing the condition. <u>United States v. Rudd</u>, 662 F.3d 1257 (9th Cir. 2011). The government contends that there is a sufficient basis in the record for the Court to impose the condition limiting defendant's residence to outside a 2,000 foot radius from places primarily used by persons under the age of 18. However, the government does not oppose the condition, triggering the appellate waiver, that restricts defendant's residence from locations with direct view of such places.

II. <u>The Offense Conduct</u>

Due to the passage of time and the relevance of defendant's sexual exploitation of vulnerable children on multiple occasions to the appropriateness of a supervised release condition limiting his proximity to children, the government includes the following summary of defendant's offense conduct.

Between 2002 and 2004, defendant was employed as a United States Agency for International Development contractor working on a development program in Bangladesh. (PSR ¶ 9.) In 2004, the Immigration and Customs Enforcement attaché in Singapore received a report that defendant was engaging in sexual conduct with primary school age boys in Bangladesh. (PSR ¶ 12.) Based on this information, on or about June 8, 2004, the Bangladesh National Police executed a search warrant at defendant's hotel room. (PSR ¶ 13.) At the time the warrant was executed,

defendant was found in his hotel room with three young boys. (PSR ¶ 14.) Two of the three boys reported that defendant had touched their genitalia. (PSR ¶ 14.)

One of the victims, an eight-year-old boy, reported having known defendant for one year and referring to defendant as grandfather. (PSR ¶ 17.) The victim told the investigators that he and defendant slept and showered together in defendant's hotel room. (Id.) In the shower, defendant would touch the victim's genitalia and the victim would hold defendant's penis. (Id.) Defendant paid for the victim's school fees and bought the victim various gifts, including a bicycle, clothing, good food, and toys. (Id.) In December 2003, defendant took the victim on a trip to Cox's Bazar, a popular tourist destination on the coast of Bangladesh. (Id.)

The second victim, an 11-year-old boy, told investigators he engaged in oral and anal sex with defendant. (PSR ¶ 19.) The victim had anal sex with defendant about 10 to 12 times. (Id.) The victim's first sexual contact with defendant occurred in or about November 2003. (PSR ¶ 21.) Defendant took the victim and two other minor boys on a plane and traveled to Cox's Bazar where they all stayed in the same hotel room for several days. (Id.) The victim witnessed defendant engage in oral sex and attempt to have anal sex with another boy. (PSR ¶ 19.) Defendant gave the second victim various gifts, including a television, furniture, toys, school tuition, and money for the victim's parents. (PSR ¶ 20.) The victim did not like having sex with defendant but felt obligated because of the gifts he received. (Id.)

The third victim was approximately ten years old when he had his first sexual contact with defendant. (PSR ¶ 22.) The defendant fondled the victim's genitalia on approximately nine occasions. (Id.) Defendant asked this victim to engage in oral sex, but the victim refused. (Id.) On one occasion, defendant forcibly pulled the victim's pants down and laid on the victim's back. (Id.)

The fourth victim was approximately ten years old when defendant attempted to have anal sex with him on 10 to 15 occasions. (PSR ¶ 24.) Defendant had oral sex with the victim and fondled him. (Id.) Defendant paid for the victim's school tuition and bought him clothing and a baseball bat. (Id.) The victim told investigators he knew the activity was wrong but was unable to say no to defendant. (Id.)

III. Argument

A sentencing court has broad discretion to impose conditions of supervised release in addition to those mandated by statute. 18 U.S.C. § 3583(d) (district court may impose "any condition set forth as a discretionary condition of probation in section 3563(b)(1) through (b)(10) and (b)(12) through (b)(20), and any other condition it considers to be appropriate."). The Sentencing Guidelines, tracking the language of 18 U.S.C. § 3553(a) concerning imposition of sentence, recognize this broad discretion:

> The [district] court may impose other conditions of supervised release to the extent that such conditions are (1) reasonably related to (A) the nature and circumstances of the offense and the history and characteristics of the defendant; (B) the need for the sentence imposed to afford adequate deterrence to criminal conduct; (C) the need to protect the public

        from further crimes of the defendant; (D) the need to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner; and (2) involve no greater deprivation of liberty than is reasonably necessary for the purposes set forth above and are consistent with any pertinent policy statements issued by the Sentencing Commission.

USSG § 5D1.3.

The Ninth Circuit has expressed concern regarding the liberty interest implicated by residency restrictions. See Rudd, 662 F.3d at 1263-64; United States v. Torres-Figueroa, No. 10-50353, 2011 WL 3733875 (9th Cir. August 25, 2011) (unpublished) (finding that 2000 foot residency restriction involved a greater deprivation of liberty than was reasonably necessary when sentencing for illegal re-entry after deportation occurred 17 years after conviction for sex crime involving a minor).  However, the Ninth Circuit rejected defendant's argument that a heightened procedural requirement is appropriate because in this case the residency condition does not implicate a particularly significant liberty interest, such as unwanted bodily intrusions or manipulations. Rudd, 662 F.3d at 1264, n.4. Here, there is ample evidence demonstrating that defendant poses an on-going risk to children that makes any limited deprivation of liberty reasonably necessary.  Over an extended period of time, defendant sexually abused at least four foreign victims who were particularly vulnerable due to their economic circumstances. (PSR ¶¶ 9-24.)  Defendant paid for the victims' school tuition and purchased them necessities and gifts in order to exploit them.  (Id.)  Defendant's willingness to physically approach children and manipulate them to satisfy his depraved sexual

desires makes defendant a particular risk upon release to the community.

In addition, if defendant is released in California, his duty to register as a sex offender and local ordinances may require him to reside more than 2000 feet from places frequented by minors. It is a criminal violation for registered sex offenders to be present on a school campus absent permission. See Cal. Penal Code § 626.81 (setting forth a misdemeanor violation for 290 registrants to be on school (K-12) grounds or in school buildings unless he or she has lawful business and written permission from the chief administrative official of that school). Defendant's ability to reside near locations frequented by minors may also be limited, however, this provision has been subject to recent litigation and stays of enforcement. Cal. Penal Code § 3003.5 ("Notwithstanding any other provision of law, it is unlawful for any person for whom registration is required pursuant to Section 290 to reside within 2000 feet of any public or private school, or park where children regularly gather.").

Due to the lack of specific information regarding where defendant will reside following his release from custody, the government does not oppose the imposition of the condition contemplated by the parties in the appellate waiver of the plea agreement.[1] If there is a specific concern regarding the need to be consistent with any state law or a particular residence that is not covered by the "direct view" restriction, the government

---

[1] The Bureau of Prisons inmate location tool on its website, lists a projected release date of May 2, 2013.

will coordinate with the Probation Office and raise the issue with the Court.

IV. Conclusion

For these reasons, the government recommends that the Court impose the following supervised release condition governing defendant's ability to reside near places frequented by minors:

> The defendant shall not reside within direct view of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18. The defendant's residence shall be approved by the Probation Officer, and any change in residence must be pre-approved by the Probation Officer. The defendant shall submit the address of the proposed residence to the Probation Officer at least 10 days prior to any scheduled move.