# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CRIMINAL MINUTES - GENERAL**

| | | |
|---|---|---|
| Case No. | SACR 07-163 AHS | Date: February 2, 2012 |

Present: The Honorable **ALICEMARIE H. STOTLER, UNITED STATES DISTRICT JUDGE**

Interpreter  None

| Carolyn J. Voss | Deborah Parker | Anne C. Gannon |
|---|---|---|
| *Deputy Clerk* | *Court Reporter/Recorder* | *Assistant U.S. Attorney* <br> *not present* |

| U.S.A. v. Defendant(s): | Present | Cust | Bond | Attorneys for Defendants: | Present | App. | Ret. |
|---|---|---|---|---|---|---|---|
| William Newton Rudd | X | X | | Leon Peterson | DFPD | X | X |

**Proceedings:** POST-REMAND PROCEEDINGS RE SENTENCING

  The Court's tentative ruling, attached hereto, issued to respective counsel appearing in Court. Defendant requests to withdraw all objections and all attempts to modify conditions of supervised release. Hearing held. Government's counsel reads supervised release condition number 17 into the record. Defendant confirms his counsel's statements and indicates he understands condition number 17.

  The Court's grants defendant's request to withdraw all objections. There will be no amendment to the Judgment and Commitment Order. The remand by the Court of Appeals is rendered moot by defendant's withdrawal of all objections.

cc: U.S. Court of Appeals for the Ninth Circuit, Case No. 10-50254

                      : 07

              Initials of Deputy Clerk cjv

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

SOUTHERN DIVISION

THE HONORABLE ALICEMARIE H. STOTLER, JUDGE, PRESIDING

February 2, 2012, Calendar No. 1

CASE:         **United States of America v. William Newton Rudd**
              SA CR 07-163 AHS

PROCEEDING:   Post-Remand Proceedings Re Sentencing

TENTATIVE RULING:   ORDER TO U.S. PROBATION OFFICER TO PREPARE
                    RECOMMENDATION REGARDING RESIDENCY
                    CONDITION(S)
_____

### A.   Original District Court Proceedings

On October 30, 2009, Defendant William Newton Rudd, pursuant to a plea agreement, entered a plea of guilty to the single-count indictment, which alleged violation of 18 U.S.C. § 2423(c), engaging in illicit sexual conduct in foreign places. On May 26, 2010, the Court sentenced Defendant to a 78-month term of imprisonment and a 10-year period of supervised release.  One condition thereof was an order that Defendant not reside "within 2,000 feet of school yards, parks, public swimming pools, playgrounds, youth centers, video arcade facilities, or other places primarily used by persons under the age of 18."  (Dkt. No. 43, Judgment & Commitment Order at 4, Condition #17.)  Defendant appealed this 2,000-foot residency restriction.

### B.   Appellate History

On November 23, 2011, the U.S. Court of Appeals for the Ninth Circuit vacated imposition of the 2,000-foot residency restriction, concluding that the district court committed "procedural error" by failing to explain why it imposed the 2,000-foot residency restriction instead of the "much less restrictive" "direct view" condition included in the plea agreement.  Without explanation why this choice furthers the goals of supervised release, the court found the 2,000-foot condition arbitrary.  However, it refused to reach the merits of the "less restrictive" "direct view" condition, the 2000-foot

prohibition, or any other residency restrictions for pedophiles.

The case was remanded for the district court to "further explain or reconsider" the residency condition. At a minimum, the Ninth Circuit stated that the Court must "articulate a basis for imposing the condition, tailored to the nature and circumstances of Rudd's offense and his specific character and history."

### C.  Current Proceedings

The mandate issued on December 15, 2011.  On December 20, 2011, the Court scheduled this matter for further proceedings regarding sentencing.

On January 25, 2012, the Government filed the Government's Sentencing Position Following Remand for Resentencing.  Citing a lack of specific information regarding where Defendant will reside after release from custody, the Government has chosen not to oppose the condition of supervised release in the plea agreement.  On January 25, 2012, the Defendant filed the Defendant's Sentencing Position Following Remand for Resentencing.  The Defendant agrees with the Government's recommended condition of supervised release.

### D.  Ruling

Despite the parties' positions in the recent submissions, and in light of the extensive exposition on residency considerations discussed by the Ninth Circuit, as well as its directive to the district court, the Court finds that referral to the U.S. Probation Officer ("USPO") may be a helpful step toward proper resolution.

The USPO shall provide a recommendation to the Court: (1) regarding what residency condition(s) will suffice to deter Defendant from future contact with minors without being any more restrictive, or a greater deprivation of liberty, than reasonably necessary; (2) addressing the sufficiency, or lack thereof, of the "direct view" residency condition contained in the plea agreement; (3) addressing the substantive reasonableness of its recommended residency condition, as well as how the recommended condition comports with the § 3553(a) sentencing factors; and, (4) offering additional suggestions the USPO believes would be of assistance to the Court and parties concerning Defendant's supervised release residency conditions.  Probation shall submit to the Court and make available to the parties its recommendation no later than **February 24, 2012**.

The parties are ordered to file their respective responses to Probation's recommendation no later than **March 9, 2012**.

The parties are further ordered to file replies to the opposing party's initial brief no later than **March 23, 2012**.

The hearing on Defendant's resentencing is hereby scheduled for **Thursday, April 12, 2012 at 10:00 a.m.**